**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4370-19

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

ANDRE L. HENDERSON,
a/k/a ANDRE LYDELL
HENDERSON,

     Defendant-Appellant.

_____

Submitted February 8, 2022 – Decided March 17, 2022

Before Judges Currier and Smith.

On appeal from the Superior Court of New Jersey, Law Division, Union County, Indictment No. 12-06-0488.

Joseph E. Krakora, Public Defender, attorney for appellant (Steven M. Gilson, Designated Counsel, on the brief).

William A. Daniel, Union County Prosecutor, attorney for respondent (Albert Cernadas, Jr., Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant appeals from the order denying his petition for post-conviction relief (PCR). We affirm.

Defendant was charged in an indictment with first-degree attempted murder, N.J.S.A. 2C:5-1 and 2C:11-3; second-degree aggravated assault, 2C:12-1(b)(1); and third-degree aggravated assault, N.J.S.A. 2C:12-1(b)(5) arising out of his assault on a police officer. A jury convicted him on the aggravated assault charges. We affirmed the convictions and sentence. State v. Henderson, No. A-4019-14 (App. Div. May 17, 2018) (slip op. at 2).

After defendant filed his petition for PCR in which he asserted his counsel did not properly inform him about his right to testify at trial,[1] the court granted an evidentiary hearing. Defendant was also given more time to file an additional certification in support of his claim.

During the hearing, defendant testified that he met with his trial attorney several times and that "at the beginning, [counsel] said that he wanted me to testify, that it was . . . important to the case." Defendant stated he "wanted to testify because [he] felt that the jury wanted to hear [his] side of the story."

---

[1] Defendant raised numerous other arguments in his PCR petition and during the evidentiary hearing regarding his claims of ineffective assistance of counsel. On appeal, he only raises one argument: that trial counsel never told him it was his decision whether to testify or not.

A-4370-19

Defendant explained that at the end of the trial he had a conversation with trial counsel who told him "that the case looked good, that [counsel did not] feel that [defendant] needed to testify, that it's okay, that we'll be okay." Defendant said counsel did not tell him it was his right to testify or that it was his decision to make. He reiterated that when they discussed the issue at the end of the trial, counsel said "you're good, you don't need to testify. It looked good."

Defendant conceded during the PCR hearing that he had a good relationship with his trial counsel. He thought his attorney was a good lawyer and did well during the trial. He said trial counsel discussed strategy with him. He also recalled the trial judge asking defendant whether he wanted to testify or not and responding to the judge that he had decided on his own volition not to testify. Defendant told the trial judge he did not have any questions of the court or his trial counsel. He also signed a document attesting that he understood the right to testify, and he had chosen to remain silent.

Defendant told the PCR judge that trial counsel never told him he could not testify, he just advised defendant he did not need to do so. And defendant conceded that he agreed with trial counsel's advice. Defendant further explained to the PCR court that while his testimony would have been the same as the

witnesses who testified at trial, he "would have been the one presenting it because it happened to [him]."

In a comprehensive written opinion, the PCR judge rejected defendant's argument. The court found defendant clearly waived his right to testify, finding defendant told the trial judge he had discussed testifying with his attorney and chose not to do so. Defendant did not specify to the PCR court as to what his testimony might have been and what impact it might have had on the outcome of the trial. He only said he felt the jury wanted to hear from him. However, he conceded he had nothing new to say apart from what other witnesses had testified to.

The standard for determining whether counsel's performance was ineffective for purposes of the Sixth Amendment to the United States Constitution was formulated in Strickland v. Washington, 466 U.S. 668 (1984), and adopted by our Supreme Court in State v. Fritz, 105 N.J. 42 (1987). To prevail on a claim of ineffective assistance of counsel, defendant must meet the two-prong test of establishing that: (1) counsel's performance was deficient and he or she made errors that were so egregious that counsel was not functioning effectively as guaranteed by the Sixth Amendment; and (2) the defect in performance prejudiced defendant's right to a fair trial such that there exists a

A-4370-19

"reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 52, 60-61 (quoting Strickland, 466 U.S. at 687, 694).

To establish a prima facie case of ineffective assistance of counsel, a defendant must present legally competent evidence rather than "bald assertions." See State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999). Defendant has not met that standard.

It is clear the trial judge engaged in a lengthy conversation with defendant during trial to ensure he understood his right to testify as well as the risks associated with testifying and to confirm defendant wished to waive his right to testify. Moreover, defendant stated he discussed testifying with his trial counsel and understood it was his decision to make. He also stated that he and counsel discussed strategy. A trial strategy that proves unsuccessful "does not mean that counsel was ineffective." State v. DiFrisco, 174 N.J. 195, 220 (2002) (quoting State v. Bey, 161 N.J. 233, 251 (1999)).

Defendant also did not establish that his testimony could have affected the outcome of the trial. He said he believed the jury wanted to hear from him, but he also stated his testimony would not have differed from what the previous lay and expert witnesses had said. Therefore, defendant failed to demonstrate that

5

trial counsel's alleged error was "so serious as to undermine . . . confidence in the . . . result reached." State v. Chew, 179 N.J. 186, 204 (2004).

In summary, defendant did not present a prima facie case of ineffective assistance. The PCR judge's determination was supported by sufficient credible evidence and was reached after a hearing during which defendant testified. We see no reason to disturb the trial court's order denying defendant's PCR petition.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4370-19